IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

BOBBY M. JORDAN,

    Plaintiff,

V.                                          CIVIL ACTION NO. 3:08-0293

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## **MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his applications on May 8, 2003, alleging disability commencing January 1, 2003, as a consequence of a broken back, fractured/separated ribs, depression and psoriasis (legs). On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled. Upon review, the Appeals Council remanded the case for a new decision, which was made after the receipt of additional evidence and another hearing. It became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was fifty-one years of age and had obtained a high school education. His past relevant employment experience consisted of work as a coal truck driver. In his decision, the administrative law judge determined that plaintiff suffers from "residuals of a motor vehicle accident including fractures of the neck and back, residuals of rotator cuff and biceps tendon repair, and mild depression," impairments he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rules 202.14 and 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Plaintiff's disability is alleged to result from injuries he sustained in a motor vehicle accident on January 1, 2003. Evaluations revealed compression fractures of the T10 and L1 vertebral bodies. Continued worsening of the L1 fracture resulted in loss of disc height accompanied by bony fragmentation and bony retropulsion[3] causing spinal stenosis and central spinal canal narrowing, according to a March 13, 2003 CT scan. Plaintiff was treated with a brace and medication, and by October 20, 2003, the fractures were considered to be healing, described as stable, and plaintiff's range of motion, strength and reflexes were normal. Neck and left shoulder pain subsequently became a problem, and plaintiff underwent surgery on March 10, 2005 for impingement syndrome in the left shoulder, a rotator cuff tear, impingement of the left distal clavicle and a rupture of the

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] The process of pushing back. Attorney's Dictionary of Medicine R-134 (2007).

long-head of the biceps tendon. He experienced significant improvement in his shoulder symptoms but has continued to voice complaints of neck and lower back pain.

In his brief, plaintiff contends that, inter alia, the administrative law judge did not comply with the order of the Appeals Council remanding this case back to the administrative law judge following the first hearing decision. The Appeals Council noted, among other things, that the hearing decision contained inconsistent statements regarding the severity of plaintiff's mental impairment and directed the administrative law judge to further evaluate this condition and to provide "specific findings and appropriate rationale for each of the functional areas described in 404.1520(a)(c) and 416.920(a)(c) (the regulations setting out how the sequential evaluation is to be used for mental impairments).

While the administrative law judge did not find plaintiff's mental impairment "severe" in the earlier decision, he did in the present decision, based on his determination that plaintiff was moderately limited in ability to maintain social functioning. Both his residual functional capacity findings and the assumptions in his hypothetical question appear to conflict with this determination, however. In the decision, he found that, due to plaintiff's moderate difficulties maintaining social relations, he is "limited" in his abilities to "interact appropriately, effectively, and on a sustained basis with others." This finding does not contain any indication of the degree of limitation in these areas and would have been too vague if presented to the vocational expert.

The limitation actually given to the vocational expert, however, was even more problematic in that this witness was asked to assume that plaintiff would have "some degree of limitation" from anxiety and depression such that "the affect [sic] would be mild in all aspects or factors that would affect employment." This is not only a vague description of what areas would be limited, but the

3

assumption of mild limitation in these areas conflicts with the administrative law judge's finding of moderate impairment in social functioning. Of additional concern is the fact that the jobs the vocational expert cited, most particularly cashier and counter clerk, are performed in public settings and involve a great deal of social-type contact.

Some of the administrative law judge's findings as to plaintiff's physical capabilities are similarly vague. He found plaintiff able to perform light level work with a limitation that plaintiff could only occasionally make "odd movements" like crawling and climbing. In addition to being an unusual description of these activities, which seem to be fairly commonplace in a number of occupations, it is not clear from the administrative law judge's wording whether climbing and crawling are the only two "odd movements" which are limited or if there are others. Dr. Bansal, plaintiff's treating neurologist, fairly consistently noted that plaintiff should avoid excessive bending, stooping and lifting which appear reasonable in light of the evidence. Further, Dr. Soulsby, an examining consultant, also indicated that exposure to vibration would have a "deleterious effect" on plaintiff's spinal injury.

Based on the deficiencies in the administrative law judge's findings relative to plaintiff's mental and physical residual functional capacity and the inadequate description of the mental limitations in the hypothetical question,[4] the Court concludes that the administrative law judge's decision is not supported by substantial evidence, and remand is necessary for a reevaluation of these issues. On remand, the parties should be permitted to submit additional evidence.

---

[4] See, Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).

On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER:   December 4, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE